UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KENNETH WAYNE BLANTON,

Plaintiff,

v.

B. MENDOZA, et al.,

Defendants.

Case No.: 1:25-cv-00782-SKO

**FIRST SCREENING ORDER**

**21-DAY DEADLINE**

Plaintiff Kenneth Wayne Blanton, a former pretrial detainee and current state prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

//

## II.      PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

2

section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation" (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C.  Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. Cnty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Accord,

*Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction in the training and supervision of subordinates).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane Cnty. Washington*, 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**III.   DISCUSSION**

**A.  Plaintiff's Complaint**

Plaintiff names Sergeant/Watch Commander B. Mendoza, Officer C. Perry, and "Visiting [Secretary]" Dominic Ramos at the Madera County Jail as Defendants in this action. (Doc. 1 at 1-2.) He seeks $250,000 in compensatory damages and $250,000 in punitive damages from each Defendant. (*Id.* at 6.)

**B.  Plaintiff's Claims**

Plaintiff claims the Defendants denied him an onsite visit in violation of his constitutional rights.

Claim I: Factual Allegations

Plaintiff alleges Defendant Mendoza was the watch commander on the day his on site visit was denied. (Doc. 1 at 3.) He notified Defendant Perry "of the potential issue of which B. Mendoza was then informed of." (*Id*.) Plaintiff contends that instead of accommodating his visit,

4

Mendoza allowed Plaintiff's visitor "to be turned away for no reason other than 'homewav' has [him] 'red flagged.'" (*Id.*) Plaintiff alleges that "title 15" requires "a legitimate safety concern to which there was none," cites "Grievance #3510," and states jail staff have refused "refused to provide all names associated with the denial." (*Id.*)

Claim II: Factual Allegations

Plaintiff alleges Defendant Perry was "the deputy assigned to" his May 3, 2025, visit and "was the officer that notified visiting and the watch commander that [Plaintiff] was expecting a visit." (Doc. 1 at 4.) Plaintiff contends Perry "was extremely rude and unprofessional" and refused to allow him to speak with the watch commander, or "relay [his] request to do so." (*Id.*)

Claim III: Factual Allegations

Plaintiff states Defendant Ramos "is the visiting secretary and was the individual who ultimately denied" his visit with Dahlia Hudson on May 3, 2025. (Doc. 1 at 5.) Plaintiff contends that "[a]fter review 'CSU' Behe stated there was no legitimate operational or safety concern." (*Id.*) Plaintiff alleges his "visiting was not restricted and [he] was not on modified," and his "rights were violated." (*Id.*)

The Applicable Legal Standards

There must be a "mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). This principle applies equally to pretrial detainees and pretrial detainees do not possess the full range of freedoms as unincarcerated individuals. *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id.*

Inmates do not have a clearly established constitutional right to receive visits, in particular contact visits. *Dunn v. Castro*, 621 F.3d 1196, 1202 (9th Cir. 2010); *Toussaint v. McCarthy*, 801 F.2d 1080, 1114 (9th Cir. 1986) ("To the extent that denial of contact visitation is restrictive and even harsh, it is part of the penalty that criminals pay for their offenses against society"). The Supreme Court has upheld a variety of restrictions on visitation (including denials of contact

5

visitation, as well as limitations on the people allowed to visit an inmate) against First, Eighth, and Fourteenth Amendment challenges. *Overton v. Bazzetta*, 539 U.S. 126, 133 (2003); *Block v. Rutherford*, 468 U.S. 576, 586 (1984). Only where all visitation privileges have been revoked permanently or for a substantial period will the deprivation take on constitutional proportions. *Overton,* at 130; *Dunn*, 621 F.3d at 1204.

Analysis

Liberally construing the complaint and accepting all facts as true, Plaintiff fails to allege a plausible Fourteenth Amendment claim.

a.   Defendant Mendoza

Although Plaintiff contends Mendoza improperly "turned away" his visit "for no reason," Plaintiff also states "'homewav'" had Plaintiff "'red flagged.'" Therefore, it appears Mendoza had a legitimate basis to deny Plaintiff's contact visit. *Bell*, 441 U.S. at 546; *Block*, 468 U.S. at 589 ("[T]he Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility"). Plaintiff also alleges that a single visit was denied by Mendoza; a one-time denial is insufficient to state a claim. *See, e.g., Pierce v. County of Orange*, 526 F.3d 1190, 1212 (9th Cir. 2008) (criminal detainee's length of stay in jail was one factor in determining whether Fourteenth Amendment violation had occurred); *Diaz v. Gonzalez*, No. 2:24-cv-1507 CKD P, 2024 WL 4121907, at *1 (E.D. Cal. Sept. 9, 2024) ("Plaintiff alleges that he was denied a single visit with an attorney by defendant, a correctional officer. While prisoners are entitled to contact visits with legal counsel as a part of the right to access courts … denial of one visit does not amount to denial of contact visits per se, or the denial of access to courts. For these reasons, plaintiff's complaint fails to state a claim upon which relief can be granted under federal law"); *Jenkins v. Tilton*, No. 1:10-cv-00122-SKO PC, 2010 WL 4024920, at *3 (E.D. Cal. Oct. 13, 2010) (finding the "denial of a single family visit" insufficient to state a claim); *Sisneroz v. Whitman*, No. CV F 01-5058 2008 WL 4966220, at *9 (E.D. Cal. Nov. 20, 2008) (finding that "constitutional deprivation arises from systematic, substantial deprivation" and that some amenities "may be unavailable [to SVPs] for short periods of time for various

6

reasons" without taking on constitutional proportions). Additionally, to the extent Plaintiff asserts a violation of "title 15," Plaintiff is advised that section 1983 only provides a cause of action for the deprivation of federally protected rights. In other words, even if jail officials violated "title 15," no federal constitution violation has occurred. *See e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11-12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred"); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

### b.   Defendant Perry

Plaintiff alleges that Perry advised Mendoza of Plaintiff's forthcoming visit, "was extremely rude and unprofessional," and refused to allow him to speak directly with Mendoza. None of those facts state a claim for relief. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (allegations of verbal harassment do not generally state a viable claim under section 1983); *Overton,* 539 U.S. at 130; *Dunn*, 621 F.3d at 1204. Presumably, although not expressly stated, Perry's conduct is associated only with the denial occurring May 3, 2025; therefore, it too concerns but a single visit. *Pierce*, 526 F.3d at 1212; *Diaz*, 2024 WL 4121907, at *1; *Jenkins*, 2010 WL 4024920, at *3; *Sisneroz,* 2008 WL 4966220, at *9.

### c.   Defendant Ramos

Plaintiff fails to state a plausible claim against Defendant Ramos. Although he alleges "'CSU' Behe stated there was no legitimate operational or safety concern," and his "visiting was not restricted" or modified, Plaintiff was denied only a single visit on May 3, 2025. *Pierce*, 526

F.3d at 1212; *Diaz*, 2024 WL 4121907, at *1; *Jenkins*, 2010 WL 4024920, at *3; *Sisneroz,* 2008 WL 4966220, at *9. These facts also conflict with Plaintiff's allegation that he was purportedly "'red flagged'" on "'homewav'" on the day in question, as set forth in Claim I.

In sum, Plaintiff fails to state a plausible due process violation against Defendants Mendoza, Perry, and Ramos. Plaintiff is reminded that only where all visitation privileges have been revoked permanently or for a substantial period will the deprivation take on constitutional proportions. Out of an abundance of caution, the Court will grant Plaintiff an opportunity to file an amended complaint to cure the deficiencies identified in this order, *assuming he can do so in good faith*.

### IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court finds Plaintiff's complaint fails to state a cognizable claim against any named Defendant. Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff wishes to file a first amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegation must be [sufficient] to raise a right to relief above the speculative level …." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, the Court **ORDERS** that:

    1.   The Clerk's Office shall send Plaintiff a civil rights complaint form; and,

2. **Within 21 days** from the date of service of this order, Plaintiff must either:

(a) File a first amended complaint curing the deficiencies identified by the Court in this order;

(b) File a notice stating that he intends to stand on the complaint as screened subject to the undersigned recommending the district court dismiss the complaint for the reasons stated in this Order; or

(b) in the alternative, file a notice of voluntary dismissal (Fed. R. Civ. P. 41(a)(1)(A)(i)); and

3. **If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to state a claim, failure to obey a court order and for failure to prosecute**.

IT IS SO ORDERED.

Dated:    **April 3, 2026**                    /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE