UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE BLANTON,<br><br>              Plaintiff,<br><br>       v.<br><br>B. MENDOZA, et al.,<br><br>              Defendants. | Case No.: 1:25-cv-00782-EGC (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO STATE A CLAIM, FAILURE TO COMPLY, AND FAILURE TO PROSECUTE**<br><br><u>14-Day Objection Period</u><br><br>Clerk of the Court to Assign District Judge |

Plaintiff Kenneth Wayne Blanton is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.      RELEVANT BACKGROUND**

Plaintiff initiated this action by filing a complaint on June 27, 2025. (Doc. 1.)

On April 3, 2026, the Court issued its First Screening Order. (Doc. 8.) Specifically, the Court found Plaintiff's complaint failed to state a cognizable Fourteenth Amendment claim against any named Defendant. (*Id*. at 4-8.) Plaintiff was ordered to file a first amended complaint, curing the deficiencies identified in the order, or a notice of dismissal within 21 days. (*Id*. at 8-9.)

On April 17, 2026, Plaintiff filed a Notice of Change of Address. (Doc. 9.) That same date, the Clerk of the Court re-served the screening order to Plaintiff at his new address.

More than 21 days, plus time for mailing, have elapsed since Plaintiff was re-served on April 17, 2026, with the First Screening Order. Because Plaintiff has failed to file a first amended complaint, the undersigned will recommend this action be dismissed for Plaintiff's failure to state a claim, failure to comply with orders, and failure to prosecute.

## II.   SCREENING FINDINGS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### A.   Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal

2

theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation" (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C.  Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to

3

adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. Cnty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  Accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction in the training and supervision of subordinates).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane Cnty. Washington*, 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

//

//

4

### D. Plaintiff's Complaint and Its Claims

Plaintiff names Sergeant/Watch Commander B. Mendoza, Officer C. Perry, and "Visiting [Secretary]" Dominic Ramos at the Madera County Jail as Defendants in this action. (Doc. 1 at 1-2.) He seeks $250,000 in compensatory damages and $250,000 in punitive damages from each Defendant. (*Id.* at 6.)

The previously assigned magistrate determined the following:

> Plaintiff claims the Defendants denied him an onsite visit in violation of his constitutional rights.

> Claim I: Factual Allegations

> Plaintiff alleges Defendant Mendoza was the watch commander on the day his on site visit was denied. (Doc. 1 at 3.) He notified Defendant Perry "of the potential issue of which B. Mendoza was then informed of." (*Id.*) Plaintiff contends that instead of accommodating his visit Mendoza allowed Plaintiff's visitor "to be turned away for no reason other than 'homewav' has [him] 'red flagged.'" (*Id.*) Plaintiff alleges that "title 15" requires "a legitimate safety concern to which there was none," cites "Grievance #3510," and states jail staff have "refused to provide all names associated with the denial." (*Id.*)

> Claim II: Factual Allegations

> Plaintiff alleges Defendant Perry was "the deputy assigned to" his May 3, 2025, visit and "was the officer that notified visiting and the watch commander that [Plaintiff] was expecting a visit." (Doc. 1 at 4.) Plaintiff contends Perry "was extremely rude and unprofessional" and refused to allow him to speak with the watch commander, or "relay [his] request to do so." (*Id.*)

> Claim III: Factual Allegations

> Plaintiff states Defendant Ramos "is the visiting secretary and was the individual who ultimately denied" his visit with Dahlia Hudson on May 3, 2025. (Doc. 1 at 5.) Plaintiff contends that "[a]fter review 'CSU' Behe stated there was no legitimate operational or safety concern." (*Id.*) Plaintiff alleges his "visiting was not restricted and [he] was not on modified," and his "rights were violated." (*Id.*)

> The Applicable Legal Standards

> There must be a "mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). This principle applies equally to pretrial detainees and pretrial detainees do not possess the full range of freedoms as unincarcerated individuals. *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). "[M]aintaining institutional security and preserving internal order

and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id*.

Inmates do not have a clearly established constitutional right to receive visits, in particular contact visits. *Dunn v. Castro*, 621 F.3d 1196, 1202 (9th Cir. 2010); *Toussaint v. McCarthy*, 801 F.2d 1080, 1114 (9th Cir. 1986) ("To the extent that denial of contact visitation is restrictive and even harsh, it is part of the penalty that criminals pay for their offenses against society"). The Supreme Court has upheld a variety of restrictions on visitation (including denials of contact visitation, as well as limitations on the people allowed to visit an inmate) against First, Eighth, and Fourteenth Amendment challenges. *Overton v. Bazzetta*, 539 U.S. 126, 133 (2003); *Block v. Rutherford*, 468 U.S. 576, 586 (1984). Only where all visitation privileges have been revoked permanently or for a substantial period will the deprivation take on constitutional proportions. *Overton*, at 130; *Dunn*, 621 F.3d at 1204.

Analysis

Liberally construing the complaint and accepting all facts as true, Plaintiff fails to allege a plausible Fourteenth Amendment claim.

a. Defendant Mendoza

Although Plaintiff contends Mendoza improperly "turned away" his visit "for no reason," Plaintiff also states "'homewav'" had Plaintiff "'red flagged.'" Therefore, it appears Mendoza had a legitimate basis to deny Plaintiff's contact visit. *Bell*, 441 U.S. at 546; *Block*, 468 U.S. at 589 ("[T]he Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility"). Plaintiff also alleges that a single visit was denied by Mendoza; a one-time denial is insufficient to state a claim. *See, e.g.*, *Pierce v. County of Orange*, 526 F.3d 1190, 1212 (9th Cir. 2008) (criminal detainee's length of stay in jail was one factor in determining whether Fourteenth Amendment violation had occurred); *Diaz v. Gonzalez*, No. 2:24-cv-1507 CKD P, 2024 WL 4121907, at *1 (E.D. Cal. Sept. 9, 2024) ("Plaintiff alleges that he was denied a single visit with an attorney by defendant, a correctional officer. While prisoners are entitled to contact visits with legal counsel as a part of the right to access courts … denial of one visit does not amount to denial of contact visits per se, or the denial of access to courts. For these reasons, plaintiff's complaint fails to state a claim upon which relief can be granted under federal law"); *Jenkins v. Tilton*, No. 1:10-cv-00122-SKO PC, 2010 WL 4024920, at *3 (E.D. Cal. Oct. 13, 2010) (finding the "denial of a single family visit" insufficient to state a claim); *Sisneroz v. Whitman*, No. CV F 01-5058 2008 WL 4966220, at *9 (E.D. Cal. Nov. 20, 2008) (finding that "constitutional deprivation arises from systematic, substantial deprivation" and that some amenities "may be unavailable [to SVPs] for short periods of time for various reasons" without taking on constitutional proportions). Additionally, to the extent Plaintiff asserts a violation of "title 15," Plaintiff is advised that section 1983

6

only provides a cause of action for the deprivation of federally protected rights. In other words, even if jail officials violated "title 15," no federal constitution violation has occurred. *See e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11-12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred"); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

### b.   Defendant Perry

Plaintiff alleges that Perry advised Mendoza of Plaintiff's forthcoming visit, "was extremely rude and unprofessional," and refused to allow him to speak directly with Mendoza. None of those facts state a claim for relief. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (allegations of verbal harassment do not generally state a viable claim under section 1983); *Overton*, 539 U.S. at 130; *Dunn*, 621 F.3d at 1204. Presumably, although not expressly stated, Perry's conduct is associated only with the denial occurring May 3, 2025; therefore, it too concerns but a single visit. *Pierce*, 526 F.3d at 1212; *Diaz*, 2024 WL 4121907, at *1; *Jenkins*, 2010 WL 4024920, at *3; *Sisneroz*, 2008 WL 4966220, at *9.

### c.   Defendant Ramos

Plaintiff fails to state a plausible claim against Defendant Ramos. Although he alleges "'CSU' Behe stated there was no legitimate operational or safety concern," and his "visiting was not restricted" or modified, Plaintiff was denied only a single visit on May 3, 2025. *Pierce*, 526 F.3d at 1212; *Diaz*, 2024 WL 4121907, at *1; *Jenkins*, 2010 WL 4024920, at *3; *Sisneroz*, 2008 WL 4966220, at *9. These facts also conflict with Plaintiff's allegation that he was purportedly "'red flagged'" on "'homewav'" on the day in question, as set forth in Claim I.

In sum, Plaintiff fails to state a plausible due process violation against Defendants Mendoza, Perry, and Ramos. Plaintiff is reminded that only where all visitation privileges have been revoked permanently or for a substantial period will the deprivation take on constitutional proportions. Out of an abundance of caution, the Court will grant Plaintiff an opportunity to file an amended complaint to cure the deficiencies identified in this order, *assuming he can do so in good faith*.

(Doc. 8 at 4-8.) Because Plaintiff's complaint failed to state a claim upon which relief could be granted, he was ordered to file a first amended complaint or a notice of voluntary dismissal within 21 days. (*Id*. at 8-9. )

### III. DISCUSSION

#### A. Legal Standards Concerning Dismissal

Rule 41(b) of the Federal Rules of Civil Procedure permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see also Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances").

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

Here, Plaintiff has failed to file a first amended complaint, or notice of voluntary dismissal, as directed in the First Screening Order. The screening order specifically identified the deficiencies in Plaintiff's complaint and provided the relevant legal standards applicable to his potentially cognizable claims. (*See* Doc. 8 at 4-8.) The Court cannot effectively manage its docket if Plaintiff ignores Court orders and ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's screening order provided Plaintiff with 21 days within which to file a first amended complaint (Doc. 8 at 8-9) and was re-served following Plaintiff's change of address, ensuring his receipt of the screening order and allowing for his response within 21 days of the date of that re-service. Nevertheless, Plaintiff has failed to comply with the Court's orders and the time to do so has now passed. Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file a first amended complaint curing the deficiencies identified in the screening order, Plaintiff is not moving this case forward and is impeding its progress. As it stands, Plaintiff has failed to state any cognizable claim and the Court is required to dismiss his complaint. *See* 28 U.S.C. § 1915A(b). Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in

dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued June 27, 2025, Plaintiff was advised, in relevant part: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), and the Local Rules of the United States District Court, Eastern District of California ('Local Rules'), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 3 at 1.) That same order advised Plaintiff that "all Court deadlines are strictly enforced." (*Id*. at 5.) Further, in the First Screening Order, Plaintiff was advised as follows: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute.**" (Doc. 8 at 9, emphasis in original.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, because Plaintiff has not filed a first amended complaint, he has failed to state a claim upon which relief can be granted and the complaint should be dismissed. Additionally, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### IV.   CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons given above, the Court **HEREBY RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to state a claim, failure to obey court orders, and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**

10

after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 15, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

11